UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLOUDFUND, LLC,

        Plaintiff,

vs.

BURKE BRANDS, LLC, BURKE BRANDS 1395 LLC, DARRON BURKE, and ELIANA BURKE,

        Defendants.
_____/

CASE NO.

Removing:

Supreme Court of the State of New York,
County of Nassau,
Index No. 618426/2022

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendants, **Burke Brands 1395, LLC, Darron Burke and Eliana Burke** ("Defendants"), hereby remove the state court action entitled **Cloudfund, LLC v. Burke Brands, LLC, Burke Brands 1395 LLC, Darron Burke and Eliana Burke**, filed in the Supreme Court of the State of New York, County of Nassau, Index No. 618426/2022, to this Court, the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

The basis for removal is the diversity of citizenship between the Defendants, **Burke Brands 1395, LLC, Darron Burke and Eliana Burke,** and the Plaintiff, **Cloudfund, LLC**. The Defendants are a limited liability company organized under the laws of the State of Florida with its principal place of business in Florida, and citizens of the State of Florida, and the Plaintiff, Cloudfund, LLC, is a limited liability company organized under the laws of the State of New York, allegations which are contained in the Plaintiff's Complaint. Further, a Chapter 11 bankruptcy has been filed on behalf of co-defendant, **Burke Brands, LLC,** in the United States Bankruptcy Court for the Southern District of Florida.

1

To this end, Defendants, Darron Burke and Eliana Burke, move this Court to take jurisdiction of this matter, pursuant to the diversity of the citizenship of the parties, and the amount in controversy being more than $75,000.00, by finding that,

i.) at the time of the filing of the instant action, the Defendants, Burke Brands 1395 LLC, Darron Burke and Eliana Burke, were citizens of the State of Florida;

ii.) at the time of the filing of the instant action, the Plaintiff, Cloudfund, LLC, was a limited liability company organized under the laws of the State of New York;

In support of this Notice, Defendants state as follows:

**JURISDICTION FOR REMOVAL**

1. Under Chapter 28, Section 1446 of the United States Code, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

2. On December 29, 2022, the Plaintiff, Cloudfund, LLC, filed its Verified Complaint in the Supreme Court of the State of New York, County of Nassau, Index No.: 618426/2022, which has yet to be served on the Defendants. A copy is attached.

3. The Verified Complaint included three counts, being breach of contract, enforcement of personal guarantee, and for contractual attorney's fees. Moreover, the Plaintiff, Cloudfund, LLC, included Burke Brands, LLC and Burke Brands 1395, LLC, as co-defendants, both of which are limited liability companies organized under the laws of the State of Florida.

4. The allegations contained in the complaint, combined with Defendants' personal knowledge of their citizenship, demonstrate diversity of citizenship.

5. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

6. For the above reasons, determination of the actual controversy presented by the admission of the Plaintiff, as well as other evidence presented, the Defendants hereby remove the action to this Court pursuant to 28 U.S.C. §§ 1331 & 1441(c).

7. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly notify the clerk of the Supreme Court of the State of New York, County of Nassau, of the filing of this Notice of Removal. Also pursuant to 28 U.S.C. § 1446(d), Defendants will notify Plaintiff of same.

8. The United States District Court for the Eastern District of New York is the appropriate court for filing a Notice of Removal from the Supreme Court of the State of New York, County of Nassau, because it is the district embracing the place where the Action is pending. *See* 28 U.S.C. § 1441(a).

9. Venue of this action is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

WHEREFORE, Movant respectfully requests that this honorable Court

1) Find that diversity of citizenship exists between the Plaintiff and Defendants;

2) Take jurisdiction of this matter; and

3) Grant all such further relief as the Court deems just and proper.

Respectfully submitted,

_____
**GREGG J. BORRI, ESQ.**
BORRI LAW OFFICES
61 Broadway, Suite 2820
New York, NY 10006
Attorney for Defendants
    **Burke Brands 1395, LLC**
    **Darron Burke and Eliana Burke**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to: **Boris Yankovich, Esq.**, 1 World Trade Center, Suite 8500, New York, New York 10007, and via email to borisyankovichlaw.com this 30th day of January, 2023.

                                    s/ Gregg J. Borri
                                    **GREGG J. BORRI, ESQ.**
                                    New York Bar No.
                                    BORRI LAW OFFICES
                                    61 Broadway, Suite 2820
                                    New York, NY 10006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CLOUDFUND LLC,

                      Plaintiff,

-against-

BURKE BRANDS, LLC, BURKE BRANDS 1395 LLC, DARRON J BURKE AND ELIANA M BURKE,

                      Defendants.

Index No.

**SUMMONS**

Plaintiff's Address:
400 Rella Blvd., Suite 165-101
Suffern, New York 10901

TO THE ABOVE-NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within **twenty (20) days** after the service of this summons, exclusive of the day of service (or within **thirty (30) days** after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates NASSAU as the place of trial.

Dated: New York, New York
           December 29, 2022

                                                      _____
                                                      Boris Yankovich , Esq.
                                                      *Attorney for Plaintiff,*
                                                      CLOUDFUND LLC
                                                      1 World Trade Center, Suite 8500
                                                      New York, New York 10007
                                                      Phone: (786) 809-0204

Defendants' Addresses:

Burke Brands, LLC
521 NE 189 Street
Miami, Florida 33179

Burke Brands 1395 LLC
1395 NW 22nd Street
Miami, Florida 33142

Darron J Burke
1401 SW 22 Street
Miami, Florida 33145

Eliana M Burke
1401 SW 22nd St Ph2
Miami, Florida 33145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CLOUDFUND LLC,

             Plaintiff,

-against-

BURKE BRANDS, LLC, BURKE BRANDS 1395 LLC, DARRON J BURKE AND ELIANA M BURKE,

             Defendants.

Index No.

**VERIFIED COMPLAINT**

Plaintiff CLOUDFUND LLC, by and through its undersigned attorneys, complaining of the Defendants above-named, respectfully sets forth and alleges as follows:

**Parties**

1. Plaintiff is, and at all times relevant has been, a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and authorized to do business in New York, with an office located at 400 Rella Blvd., Suite 165-101, Suffern, New York 10901.

2. At all times relevant herein, Plaintiff has been engaged in the business of purchasing future accounts-receivable from retail and wholesale merchants.

3. Upon information and belief, Defendant BURKE BRANDS, LLC is, and at all times relevant to this action has been, a limited liability company duly organized and existing under and by virtue of the laws of the State of Florida, with an address at 521 NE 189 STREET MIAMI, Florida 33179.

4. Upon information and belief, Defendant BURKE BRANDS 1395 LLC is, and at all times relevant to this action has been, a limited liability company duly organized and existing under and by virtue of the laws of the State of Florida, with an address at 1395 NW 22nd Street MIAMI, Florida 33142.

5. Defendants BURKE BRANDS, LLC, and BURKE BRANDS 1395 LLC, are collectively and each referred to as "Merchant Defendants".

6. Upon information and belief, Defendant DARRON J BURKE is, and at all times relevant to this action has been, an individual resident of the State of Florida, with an address at 1401 SW 22 STREET, MIAMI, Florida 33145.

7. Upon information and belief, Defendant ELIANA M BURKE is, and at all times relevant to this action has been, an individual resident of the State of Florida, with an address at 1401 SW 22ND ST PH2, MIAMI, Florida 33145.

8. Defendants DARRON J BURKE, and ELIANA M BURKE, are collectively and each referred to as the "Guarantor Defendants".

9. Upon information and belief, Guarantor Defendants are the owners, principals, and/or managers of Merchant Defendants.

### Jurisdiction and Venue

10. Jurisdiction and venue are proper in NASSAU County because the parties transacted the purchase of future receipts in New York and because Defendants agreed in the governing purchase agreement to submit to the jurisdiction of, and that venue is proper in, any court in the State of New York including without limitation, NASSAU County.

### Facts Common To All Causes of Action

### The Purchase Agreement

11. On or about June 10, 2022, Plaintiff and Merchant Defendants entered into a Future Receipts Sale and Purchase Agreement (the "Agreement") whereby Plaintiff agreed to buy all rights of Merchant Defendants', to certain future business receipts, having a face value of $775,500.00 (the "Purchased Amount"), for the purchase price of $550,000.00, less disclosed and agreed upon closing costs (the "Purchase Price").

12. A true and accurate copy of the Agreement is annexed hereto as Exhibit A.

13. Upon receiving the Purchase Price, Merchant Defendants were obligated to remit to Plaintiff forty-one percent (41%) of Merchant Defendants' business receipts on each week (the "Specified Percentage") until the Purchased Amount was remitted to Plaintiff in full.

14. Integral to the Agreement was Merchant Defendants' exclusive use of one business account approved by Plaintiff (the "Account") into which Merchant Defendants agreed to deposit all business receipts, and from which Plaintiff was authorized to ACH debit the Specified Percentage pursuant to an ACH debit authorization executed by Merchant Defendants.

15. For ease of processing, Plaintiff and the Merchant Defendants estimated an amount that would be generated by the Specified Percentage going forward, and which Plaintiff was authorized to ACH debit from the Account each week (the "Remittance Amount").

16. As the Agreement so states, the Remittance Amount was a good faith approximation of the Specified Percentage, which ultimately controlled over the Remittance Amount. Merchant Defendants were given the right, subject to proper documentation and proof of financial condition and business receipts, to seek either a retroactive reconciliation or future adjustment of the Remittance Amount so as to align it and past and future remittances, with the Specified Percentage.

17. As is relevant hereto, the Agreement provides, *inter alia*, that in the event Merchant Defendants failed to remit the Specified Percentage, made any material misrepresentations or failed to honor any covenants in the Agreements, utilized a bank account for the deposit of receipts other than the Account, diverted or hid business receipts from Plaintiff, interfered with Plaintiff's ACH debits of the Specified Percentage, or revoked the ACH debit authorizations provided with the Agreement, such actions would constitute an Event of Default under the Agreement.

18. The Agreement states that if an Event of Default occurs, the full undelivered portion of the Purchased Amount, along with legal fees incurred by Plaintiff, under this Agreement become immediately due and payable in full without further notice or cure period.

### The Personal Guaranty

19. The Guarantor Defendants each executed a personal guaranty, guaranteeing Merchant Defendants' performance under the Agreement (the "Personal Guaranty").

20. The Personal Guaranty provides that if an Event of Default occurs, Plaintiff may enforce its rights and seek the remedies set forth under the Agreement against the Guarantor Defendants.

### Merchant Defendants Breached the Agreement

21. Plaintiff paid Merchant Defendants the Purchase Price for the Purchased Amount of future receipts.

22. After receiving the Purchase Price, Merchant Defendants remitted $523,395.00 in business receipts to Plaintiff.

23. On December 28, 2022 (the "Default Date"), Merchant Defendants breached the Agreement, thereby causing an Event of Default, by ceasing to remit the Specified Percentage to Plaintiff, without ever demonstrating any right to a reconciliation or adjustment, or an excuse recognized under the Agreement for failing to perform.

24. No portion of the Specified Percentage has been remitted after the Default Date.

25. A true and correct copy of the transaction history under the Agreement is attached hereto as Exhibit B.

26. As of the Default Date, there remains a balance due and owing to Plaintiff of $252,105.00, as against the Purchased Amount.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract against Merchant Defendants)

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "26" above with the same force and effect, as if same were more fully set forth at length herein.

28. Plaintiff and Merchant Defendants entered into the Agreement.

29. Plaintiff performed under the Agreement by paying the Purchase Price.

30. Merchant Defendants breached the Agreement by failing to remit the Specified Percentage.

31. As a result thereof, Plaintiff has been damaged in the amount of $252,105.00, plus nine percent (9%) interest from the Default Date.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Enforcement of Personal Guarantees)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "31" above with the same force and effect, as if same were more fully set forth at length herein.

33. Guarantor Defendants personally guaranteed the performance of Merchant Defendants under the Agreement.

34. Merchant Defendants breached their contractual obligations, causing Plaintiff damages specified in the contract and guranty.

35. Accordingly, the Guarantor Defendants are liable to Plaintiff in the amount of $252,105.00, plus nine percent (9%) interest from the Default Date.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Contractual Attorneys' fees)**

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "35" above with the same force and effect, as if same were more fully set forth at length herein.

37. The Agreement and the Personal Guaranty each provide that Plaintiff shall recover its attorneys' fees, costs and disbursements incurred in the event of a breach.

38. By reason of the foregoing, Plaintiff is entitled to judgment against the Defendants for all costs and disbursements of this action, including reasonable attorneys' fees, as determined by inquest or as liquidated in the Agreement.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(i) Judgment against the Merchant Defendants, on the First Cause of Action, in the amount of $252,105.00 plus nine percent (9%) interest per annum from December 28, 2022;

(ii) Judgment against the Guarantor Defendants, on the Second Cause of Action, in the amount of $252,105.00, plus nine percent (9%) interest per annum from December 28, 2022; and

(iii) Judgment against Defendants, jointly and severally, for the costs, disbursements and attorneys' fees of this action; and

(iv) For such other and further relief in Plaintiff's favor as this Court may deem just, proper and equitable.

Dated: New York, New York
December 29, 2022

_____
Boris Yankovich , Esq.
*Attorney for Plaintiff,*
CLOUDFUND LLC
1 World Trade Center, Suite 8500
New York, New York 10007
Phone: (786) 809-0204

# VERIFICATION

STATE OF NEW JERSEY  )
                     ) ss.:
COUNTY OF HUDSON     )

AUSTIN ZAK, being duly sworn, states:

I am an authorized representative for Plaintiff CLOUDFUND LLC in the within action. I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

_____
AUSTIN ZAK

On December 29, 2022, before me, Marilu Mozo-Munoz, Notary Public in and for said state, AUSTIN ZAK, appeared before me using communication technology and has satisfactorily identified him/her/themselves as the signer to the above referenced document. I have confirmed that the record before me is the same record in which AUSTIN ZAK made a statement or signed.

_____
NOTARY PUBLIC

[Notary Seal: MARILU MOZO-MUNOZ, NOTARY PUBLIC, STATE OF NEW JERSEY, My Commission Expires 03-08-2027]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CLOUDFUND LLC,

                    Plaintiff,

-against-

BURKE BRANDS, LLC, BURKE BRANDS 1395 LLC, DARRON J BURKE AND ELIANA M BURKE,

                    Defendants.

Index No.

**NOTICE OF ELECTRONIC FILING IN A MANDATORY CASE (RULE § 202.5-BB)**

You have received this Notice because: 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-Filing system ("NYSCEF"), and 2) You are a Defendant/Respondent (a Party) in this case.

**If you are represented by an attorney:** Give this Notice to your attorney. Attorneys: See Information for Attorneys below.

**If you are not represented by an attorney:** You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing. If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents. The benefits of participating in e-filing include: 1) serving and filing your documents electronically; 2) free access to view and print your e-filed documents; 3) limiting your number of trips to the courthouse; 4) paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works: 1) visit: www.nycourts.gov/efile-unrepresented; or 2) contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov.

To find legal information to help you represent yourself visit www.nycourthelp.gov.

       **Information for Attorneys – (E-filing is Mandatory for Attorneys):** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts .gov/efile; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction)   the knowledge to operate such equipment. [Section 202.5-bb(e)] For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: New York, New York
December 29, 2022

_____
Boris Yankovich , Esq.
*Attorney for Plaintiff,*
Cloudfund LLC
1 World Trade Center, Suite 8500
New York, New York 10007
Phone: (786) 809-0204

|  |  |  |  |
|---|---|---|---|
| Index No. | Year | RJI No. | Hon. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CLOUDFUND LLC,

                                  Plaintiff,

-against-

BURKE BRANDS, LLC, BURKE BRANDS 1395 LLC, DARRON J BURKE AND ELIANA M BURKE,

                                  Defendants.

## SUMMONS & COMPLAINT

**BORIS YANKOVICH, ESQ.**
*Attorney for Plaintiff*

*Office and Post Office Address, Telephone*
**1 WORLD TRADE CENTER
SUITE 8500
NEW YORK, NEW YORK 10007**
Tel: (786) 809-0204
Fax: (786) 551-2307

Service of a copy of the within             is hereby admitted.

Dated,

                                                                                                   Attorney(s) for

Please take notice
☐ Notice of Entry
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on
☐ Notice of settlement
that an order          of which the within is a true copy will be presented for
settlement to the HON.           one of the judges
of the within named court, at           on           at
Dated,

                                                                                                    Yours, etc.

                                                                                                   Attorney(s) for